## No. 11.

**POULTNEY** *against* **FAIR-HAVEN.**    *Rutland,* 1819.

A person, residing in a town *previous* to the Act of 1801, and *continuing to reside in* the town *after* the passing of the Act, may gain a settlement under *that* Act.

In case of an order for removal of husband and wife, as paupers, and on the trial the husband testifies that he was lawfully married to the woman, she cannot be admitted to testify that she had a former husband living, nor can that fact be proved by reputation.

APPEAL from an order of Justices for the removal of John Slyter and wife, from the town of Poultney to the town of Fair-Haven.

On the trial of the issue, whether duly or unduly removed, at September term, 1818, it was proved that *Jacob Slyter,* the father of *John,* moved into the town of Fair-Haven, in February, 1801, and there resided a number of years, without being warned out ; that John Slyter, the pauper, was then 19 years old ; testimony was given to the Jury that John Slyter, the pauper, absconded from Fair-Haven, in December, 1801, and had not returned until he was brought back by the order of removal.

John Slyter swore that he was lawfully married to Asenath Slyter, the person removed as his wife.

The town of Fair-Haven then offered Asenath Slyter to prove that previous to the time, when it was alledged she had married Slyter, she was lawfully married to one Amasa Austin, who is now alive, which testimony was rejected by the Judge.

The town of Fair-Haven then offered to prove her marriage with Austin, by reputation, and cohabitation with him as his wife, and that Austin was yet alive, which testimony was rejected by the Judge.

The Judge charged the Jury, that the said Jacob Slyter, by removing, as aforesaid, into the town of Fair-Haven, in February, 1801, and there residing a number of years next after the 6th day of November, 1801, without being warned out agreeably to the provisions of the Statute in that behalf, thereby gained a settlement for himself and family ; and also, that it would make no difference, as it respected the settlement of John Slyter, the pauper, whether he went away in December,

1801, or not, as his settlement would still follow the settlement of his father ; and, if his father gained a settlement during the minority of the son, as aforesaid, he also gained one for John Slyter, unless said John had gained one for himself.

Verdict for the town of Poultney.

Motion for new trial, by the town of Fair-Haven, founded on exceptions to the decisions and charge of the Judge.

In support of the motion, *Langdon* and *Williams* contended :

1. That the Act in relation to settlements passed November 1801, has no effect upon those who were already in town, but only on those who should *thereafter* come into any town, &c. 4 Burr 2057, 6 T. R. 330. Bur. Set. Cases 509--25. Selwyn N. P. 19.

2. That Asenath Slyter, so called, was a competent witness to prove her marriage with Amasa Austin ; the town of Fair-Haven had a right to her testimony, and could not be deprived of it by the town of Poultney, first calling on John Slyter, her supposed husband.

3. Evidence of her marriage with Austin, by reputation, ought to have been received, as it is admissible testimony, in all cases, except two, viz : Prosecution for Bigamy, and actions of Crim. Con. Swift's Evidence 140.

By the Court. Asenath being *prima facie* the wife of John Slyter, it was necessary a previous *legal* marriage should be proved to shew she was not his *legal* wife—cohabitation with Austin, though sufficient to charge him, was not proper evidence to *disprove* her the wife of Slyter.

The Court confirmed the decisions of the Judge, and the motion for a new trial was dismissed.